## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

|  |  |
|---|---|
| In re:<br><br>Asticou Hospitality, LLC,<br><br>      Debtor | Chapter 11<br>Case No. 26-20030 |

**ORDER DENYING, IN PART, AND SCHEDULING CONTINUED HEARING ON DEBTOR'S MOTION TO ESTABLISH PROCEDURES FOR ALLOWANCE AND PAYMENT OF GENERAL UNSECURED CLAIMS POST-CLOSING**

On April 30, 2026, the Court held a hearing on the debtor's Motion to Establish Procedures for Allowance and Payment of General Unsecured Claims Post-Closing [Dkt. No. 108].   As detailed below, having considered the motion and the arguments of counsel at the hearing, the Court denies certain relief requested and schedules a continued hearing on the remaining relief requested.

In early March 2026, the Court announced deadlines for creditors to file proofs of claim in this case under chapter 11 of the Bankruptcy Code [Dkt. No. 41].[1]   *See* Fed. R. Bankr. P. 3003(c)(3); D. Me. LBR 3003-1.   Through its motion, the debtor has asked the Court to reduce the time allowed for such filings.   Although extending that time is expressly permitted, *see* Fed. R. Bankr. P. 3003(c)(3), no statute or rule expressly permits reducing the time.[2]   Even if, under

---

[1] The deadlines were in a standard notice that was sent to creditors, among others.   The notice stated a deadline of July 13, 2026, for creditors other than governmental units to file proofs of claim.   The notice also provided information indicating a deadline of August 10, 2026, for governmental units to file proofs of claim.

[2] In cases under chapters 7, 12, and 13 of the Bankruptcy Code, reducing the time is expressly disallowed.   Fed. R. Bankr. P. 3002(c), 9006(c)(2).   Further, although the debtor has not specifically mentioned governmental units in its request, reducing the time for governmental units to file proofs of claim appears to be prohibited.   *See* 11 U.S.C. § 502(b)(9)(A); Fed. R. Bankr. P. 3002(c)(1) (announcing timing exception for governmental units "in all cases").

1

some general authority, the Court can reduce the time, the Court is not persuaded that good cause exists to do so here. Moreover, the Court is not persuaded that interested parties might face more prejudice in waiting for the original deadlines to pass than creditors might face if those deadlines were shortened—notwithstanding the protective measures for creditors that the debtor has proposed. Accordingly, the request to reduce the time for filing proofs of claim is denied.

On August 20, 2026, at 1:00 p.m., the Court will hold a further hearing on the remaining requests for relief in the debtor's motion—namely, the requests related to paying certain allowed general unsecured claims.[3] By August 17, 2026, the debtor must file a status report identifying the claims and the amounts of the claims that it seeks to pay.

Dated: May 6, 2026

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[3] The debtor has also filed and scheduled a hearing in May on a motion that seeks dismissal of this case [Dkt. No. 119]. The Court will issue a separate order rescheduling that hearing to coincide with the further hearing on the motion addressed in this Order.

2